UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

TRUWAY HEALTH, INC.,

                            Plaintiff,

            -v-

TEXAS WOMAN'S UNIVERSITY,

                            Defendant.

24 Civ. 8218 (PAE)

ORDER

------------------------------------------------------------

PAUL A. ENGELMAYER, District Judge:

      Plaintiff Truway Health, Inc. ("Truway") brings this diversity breach of contract action against defendant Texas Woman's University ("TWU") *pro se*.[1] Because, as this Court has now repeatedly warned, *see* Dkts. 12, 16, 28, neither Truway nor TWU can proceed *pro se*, the Court dismisses the action without prejudice to Truway's right to bring a new, counseled action.

## DISCUSSION

      On October 28, 2024, plaintiff filed the Complaint. Dkt. 1. Upon realizing that Truway, a corporate entity, was attempting to proceed *pro se*, the Court, on November 6, 2024, cautioned the parties:

> Under the Federal Rules of Civil Procedure, corporate entities such as Truway Health, Inc. and Texas Woman's University may appear in court only through representation by an attorney. A corporate entity may not appear "pro se," without representation. Accordingly, if either party wishes to be heard in regard to this action, it must appear by counsel by November 20, 2024. Failure to appear may result in dismissal, without prejudice, for that reason alone.

Dkt. 12. That same day, Truway requested the Court's permission to proceed *pro se*, Dkt. 16, which the Court denied, explaining:

---

[1] Gavin Solomon, who is not listed in the action as a plaintiff, signed the Complaint.

28 U.S.C. allows a person to represent himself in court. While "some courts allow sole proprietorships to proceed *pro se* [because] a sole proprietorship has no legal existence apart from its owner," *Lattanzio v. COMTA*, 481 F.3d 137, 140 (2d Cir. 2007) (citation omitted), courts generally do not allow corporations, partnerships, associations, and other "artificial entities" to appear in court without an attorney, *Rowland v. Cal. Mens Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202–03 (1993). Plaintiff is incorporated under the laws of Florida and maintains its principal place of business in New York. *See* Dkt. 9. Plaintiff must therefore secure counsel to proceed in this matter.

Dkt. 16. On November 8, 2024, Truway moved for reconsideration of the Court's denial to proceed *pro se*, Dkt. 19, which the Court denied, advising Truway of the available options to secure pro bono counsel, Dkt. 28.

As the Court has previously stated, corporations, nonprofit organizations, and other artificial entities cannot proceed *pro se*. *Rowland*, 506 U.S. at 202 (noting that "lower courts have uniformly held that 28 U.S.C. § 1654, providing that "parties may plead and conduct their own cases personally or by counsel," does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney") (citation omitted); *see also Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) (noting that "it is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*"). Thus, the claims brought on behalf of Truway are dismissed, without prejudice to Truway's right to bring a new, counseled action.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: November 22, 2024
New York, New York