

Gavin C. Solomon
President & CEO, Truway Health, Inc.
401 E 34th Street, S11P
New York, NY 10016
11/22/24

**The Honorable Paul A. Engelmayer**
United States District Court
Southern District of New York

**Re: Truway Health, Inc. v. Texas Woman's University, Case No. 1:24-cv-08218-PAE**

Dear Judge Engelmayer,

I am writing in response to your order dated **November 22, 2024**, dismissing the claims brought by **Truway Health, Inc.** in the referenced matter. While I respect the authority of the court, I must raise concerns about potential violations of constitutional rights and judicial obligations to ensure fairness, justice, and adherence to the principles enshrined in the U.S. Constitution.

**Violation of Constitutional Rights**

The dismissal under 28 U.S.C. § 1654, which prohibits corporations from proceeding pro se, effectively denies Truway Health, Inc. and myself as its representative access to justice. This interpretation of procedural law prioritizes form over substance, resulting in a failure to address the underlying claims, which involve significant constitutional and federal questions. Such action contradicts the fundamental rights protected under **Article III of the Constitution** and the **Fifth Amendment**, specifically the right to due process and equal protection under the law.

The court's strict reliance on procedural barriers rather than substantive review of the constitutional violations in question undermines the right to a fair hearing. As a pro se litigant representing a small corporation with limited resources, this decision imposes an undue burden, barring access to redress and perpetuating inequality in the judicial process.

**Dereliction of Duty**

As a judicial officer, your role is to uphold the Constitution and provide impartial adjudication. By dismissing this case without addressing the substantive claims raised, the court has failed in its duty to ensure that justice is served. Moreover, the decision disregards the unique



circumstances of small businesses like Truway Health, which may not always have the immediate financial capacity to retain counsel but nonetheless deserve their day in court.

This dismissal sends a disheartening message that procedural formalities can overshadow the pursuit of justice, particularly for individuals and small entities challenging larger institutions. Such outcomes erode public confidence in the judiciary and the belief that courts are a forum for fairness and equity.

**Request for Reconsideration**

In light of the above, I respectfully request that the court reconsider its dismissal of this case. At the very least, I urge the court to provide an avenue for the substantive claims to be heard, whether by allowing time to secure counsel or by acknowledging the constitutional importance of the issues raised. Should you not reconsider, I will make sure to let the American people know of your tortious ethics.

**Conclusion**

Justice is not served when procedural technicalities take precedence over the merits of a case, especially when fundamental constitutional rights are at stake. As a citizen and corporate representative, I am committed to pursuing every legal avenue to ensure that these rights are protected.

Thank you for your attention to this matter. I look forward to a response that addresses these concerns and affirms the court's commitment to justice and constitutional principles.

Respectfully submitted,
Gavin C. Solomon
President & CEO
Truway Health, Inc.
gavin@truwayhealth.com